UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0127JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN MICHAEL SHERWOOD, | |
| Defendant. | |

Before the court is Plaintiff the United States of America's (the "Government")

motion *in limine* seeking leave to introduce into evidence the fact that Defendant John

Michael Sherwood served time in the same prison facility and unit with his charged

co-defendant, Kevin Gartry.  (MIL (Dkt. # 50).)  Mr. Sherwood opposes the motion.

(Resp. (Dkt. # 50).)  The court has considered the motion, the parties' submissions, the

relevant portions of the record, and the governing law.  The court also heard argument on

the motion on November 7, 2023.  (*See* 11/7/23 Min. Entry (Dkt. # 54).)  Being fully

advised, the court GRANTS the Government's motion.

1       This action arises from the discovery, in April 2021, of duffle bags containing

2  large quantities of drugs near Port Angeles, Washington.  (*See* Mot. at 2.)  The

3  Government's investigation revealed that the duffle bags were purchased by Mr.

4  Sherwood, a United States citizen with ties to Illinois, Rhode Island, and Texas; that Mr.

5  Sherwood had rented a hotel and storage locker in Port Angeles during this time period;

6  that Mr. Sherwood's phone was "pinging" in the area and time period where the drugs

7  were discovered; and that witnesses implicated Mr. Sherwood in the drug smuggling

8  operation.  (*Id.* at 1-2.)  Further investigation revealed that Mr. Sherwood was working

9  with Mr. Gartry, whom the Government characterizes as a "notorious smuggler based in

10  British Columbia," Canada.  (*Id.* at 2-3.)

11       Mr. Sherwood and Mr. Gartry both have extensive criminal histories.  (*Id.* at 3-4.)

12  Relevant to this motion, Bureau of Prisons records show that Mr. Sherwood and Mr.

13  Gartry were housed in the same unit at the West Texas Detention Facility for

14  approximately six months, between October 17, 2019, and March 20, 2019.  (*Id.* at 4.)

15       The Government seeks to prove at trial that Mr. Sherwood and Mr. Gartry

16  "conspired together to move a massive amount of drugs from the United States into

17  Canada."  (*Id.*)  The Government states that its evidence of the conspiracy includes

18  "financial records, statements made by Sherwood to others about 'Kevin,' phone records,

19  recorded jail calls where Sherwood discusses a person he refers to variously as 'Kevin'

20  and 'KG,'" and "electronic communications seized from Gartry in Canada where he

21  discusses Sherwood's arrest with the third party."  (*Id.* at 4-5.)  Nevertheless, the

22  Government believes that "one key piece of the picture" is missing:  evidence of how Mr.

1    Sherwood and Mr. Gartry knew one another.  (*Id.* at 5.)  The Government moves,

2    therefore, for an order allowing it to introduce to the jury evidence that the two men were

3    incarcerated together for six months approximately one year before the events at issue in

4    this trial.  (*Id.*)

5         Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime,

6    wrong, or act is not admissible to prove a person's character in order to show that on a

7    particular occasion the person acted in accordance with the character."  Fed. R. Evid.

8    404(b)(1).  Such evidence may, however, "be admissible for another purpose, such as

9    proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

10   mistake, or lack of accident."  *Id.* 404(b)(2).

11        The Government argues that evidence that Mr. Sherwood and Mr. Gartry were

12   incarcerated at the same time and in the same place is admissible under two theories.

13   First, it argues that Rule 404(b) does not apply to this evidence because it is "inextricably

14   intertwined" or intrinsic to the alleged crime and is, therefore, direct evidence of the

15   crime itself.  (Mot. at 5-6.)  Second, it argues that records that the two men were housed

16   together in prison are admissible under Rule 404(b) as proof of Mr. Sherwood's

17   opportunity to meet Mr. Gartry and to begin their criminal association.  (*Id.* at 6-7.)  It

18   "concedes that the preferred evidence is prejudicial" because "any reference to a

19   defendant having been in custody on some other charge can have that effect."  (*Id.* at 7.)

20   It argues, however, that the probative value is significant and that the court can give a

21   limiting instruction to minimize any resulting prejudice.  (*Id.* at 7-8 (citing 9th Cir. Model

22   Crim. Jury Instr. 2.10).)

ORDER - 3

1    The court agrees with the Government.  Evidence of other acts "may be admitted

2    'when it [is] necessary to do so in order to permit the prosecutor to offer a coherent and

3    comprehensible story regarding the commission of the crime.'"  *United States v.*

4    *DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting *United States v.*

5    *Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)).  The fact that Mr. Gartry and

6    Mr. Sherwood spent nearly six months in the same dorm in the same prison is

7    inextricably intertwined with, and highly probative of, the conspiracy charge in this case.

8    Moreover, the court is not persuaded that a "sanitized version" of these facts will suffice;

9    Mr. Sherwood's proposal that the court allow only evidence that he and Mr. Gartry "lived

10   in Texas and knew each other during that six month period" is insufficient to show how

11   the two became associated with one another and paints a misleading picture about the

12   amount of contact the two may have had during that time.  (*See* Resp. at 3-4.)

13   The court will not, however, allow Mr. Sherwood's prior incarceration to be used

14   as evidence that he is a hardened criminal or has a propensity to commit crimes.

15   Accordingly, the Government's discussion of Mr. Sherwood's incarceration at the West

16   Texas Detention Facility will be limited presenting evidence that, for approximately six

17   months between October 17, 2019, and March 20, 2020, Mr. Sherwood and Mr. Gartry

18   were detained there and housed in the same unit or dorm.  The Government will not be

19   permitted to discuss the reasons for Mr. Sherwood's and Mr. Gartry's incarcerations at

20   the West Texas Detention Facility or make any implications about the inmates who are

21   housed there.

22   //

ORDER - 4

1    The court will also provide the jury with a limiting instruction before opening

2    statements.  Mr. Sherwood may provide the court with a draft limiting instruction to

3    consider before trial begins.

4        Dated this 7th day of November, 2023.

5

6    JAMES L. ROBART
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22