UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN MICHAEL SHERWOOD, et al.,<br><br>                Defendants. | CASE NO. CR22-0127JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant John Michael Sherwood's motion to continue the trial date. (Mot. (Dkt. # 74).) Plaintiff the United States of America (the "Government") opposes the motion. (Resp (Dkt. # 75).) The court has reviewed the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the governing law. For the reasons explained below, the court DENIES Mr. Sherwood's motion.

ORDER - 1

## II. BACKGROUND

On August 24, 2022, a grand jury indicted Mr. Sherwood and two co-defendants in connection with a failed attempt to smuggle distribution-level quantities of fentanyl and methamphetamine from Canada into the United States. (Indictment (Dkt. # 1); *see also* Stip. Mot. (Dkt. # 28) at 2 (describing the alleged facts).) Mr. Sherwood was confined in Idaho state prison at the time of the indictment, with five to ten years remaining to be served on a 2022 drug trafficking conviction. (Pretrial Rep. (Dkt. # 14 (sealed)) at 2.) He was transported to the Western District of Washington on a writ and remains in federal custody pending trial in this matter. (*Id.* at 3; Detention Order (Dkt. # 22); *see also* Writ (Dkt. # 10).) Mr. Sherwood stands charged with one count of conspiracy to distribute controlled substances, one count of possession of a controlled substance with intent to distribute, and one count of conspiracy to commit international money laundering. (Indictment at 1-3.)

On December 7, 2022, CJA counsel Peter Thomas Geisness was appointed on behalf of Mr. Sherwood and the court set a trial date of February 13, 2023. (12/7/22 CJA Apt. (Dkt. # 16); 12/7/24 Min. Entry (Dkt. # 19).) A few days later, Mr. Sherwood filed a stipulated motion to continue the trial date, requesting an eight-month continuance based on the complexity of the alleged money laundering scheme and the significant volume of discovery in this case. (Stip. Mot. at 5.) The court granted the motion, continuing the trial date to October 23, 2023. (12/27/22 Order (Dkt. # 30).)

On July 9, 2023, Mr. Sherwood again moved for a continuance, requesting a new trial date of April 1, 2024 based on the volume of discovery and Mr. Geisness's busy trial

1  schedule, including two lengthy anticipated murder trials in state court.  (7/9/23 Mot.

2  (Dkt. # 40) at 2-5.)  Regarding discovery, certain access limitations including a protective

3  order hindered Mr. Sherwood's ability to efficiently review the materials.  (*Id.* at 2-3.)

4  The Government opposed the motion.  (7/14/23 Resp. (Dkt. # 41).)  The court granted a

5  modest continuance, re-setting the trial for December 4, 2023.  (8/2/24 Order (Dkt.

6  # 44).)

7  　　　　　On November 7, 2023, Mr. Sherwood filed a motion for withdrawal and

8  substitution of counsel, prompting the court to set a hearing.  (11/1/23 Mot. (Dkt. # 51);

9  11/7/23 Min. Entry (Dkt. # 54).)  The court heard from Mr. Geisness *ex parte*.  (11/7/23

10  Min. Entry.)  Mr. Geisness represented that he would not be prepared to try the case by

11  the December 2023 trial date based on the volume of discovery, the complexity of trial,

12  and certain scheduling conflicts.  (*See* 11/29/23 1st Order (Dkt. # 58) at 1.)  Mr.

13  Sherwood ultimately withdrew the motion and the court granted yet another continuance,

14  setting a new trial date of August 12, 2024.  (*Id.* at 1-2.)  The court also appointed CJA

15  attorney Stephen R. Illa to serve as co-counsel to Mr. Geisness.  (11/29/23 2d Order (Dkt.

16  # 59).)

17  　　　　　On January 30, 2024, Mr. Sherwood filed a motion to proceed *pro se*.  (1/30/24

18  Mot. (Dkt. # 65).)  The court set a hearing and heard from defense counsel *ex parte*.

19  (2/14/24 Min. Entry (Dkt. # 70).)  Mr. Geisness and Mr. Illa informed the court that client

20  communication had irretrievably broken down.  Mr. Sherwood stated that he was in

21  communication with CJA attorney Carlos M. Santiago, Jr., who had expressed a

22  willingness to represent Mr. Sherwood in this matter.  The court advised of its intention

to move the trial date from August 12, 2024, to July 19, 2024, based on scheduling conflicts on the court's trial calendar that would not have permitted a ten-day trial to proceed uninterrupted in August. The court thereafter permitted defense counsel to withdraw and granted Mr. Sherwood's request for appointment of new CJA counsel, conditioned upon counsel being prepared to try this case on July 19, 2024. (*Id.* ("[T]he court directs new CJA counsel to be appointed, conditional to being ready for trial on 7/19/24.").) On March 11, 2024, CJA attorneys Carlos M. Santiago, Jr. and Allyson L. Barker were appointed on behalf of Mr. Sherwood. (3/11/24 CJA Apt. (Dkt. ## 72-73).)

On June 3, 2024, Mr. Sherwood filed the instant motion to continue, requesting a new trial date in January 2025. (*See generally* Mot.) Mr. Sherwood seeks a lengthy continuance based on (1) Mr. Santiago and Ms. Barker's busy schedules; (2) the need for additional time to review voluminous and technical discovery, including review by a recently-retained investigator and yet-unretained expert witnesses; (3) difficulties in client communication and document review due to both Mr. Sherwood's recent placement in the Secure Housing Unit ("SHU") at the Federal Detention Center, as well as the existing protective order; and (4) the need to review a new, large batch of discovery exchanged on May 24, 2024. (*Id.* at 1-3.)

The Government vigorously opposes the motion, arguing a continuance is unjustified because (1) new defense counsel's appointments were expressly conditioned upon their preparedness for the current trial date; (2) discovery was "substantially complete" at the time defense counsel was appointed; former defense counsel had already retained an investigator whose report "is presumably available to current defense

ORDER - 4

counsel"; and the Government is not aware of "technical evidence" in this case, aside from DNA evidence that it does not plan to introduce at trial; (3) Mr. Sherwood's placement in the SHU was warranted based on credible allegations of witness tampering,[1] and in any event Mr. Sherwood has already had extensive time to review the discovery materials in this case; and (4) the "overwhelming bulk" of the new discovery consists of jail calls and emails by Mr. Sherwood. (Resp. at 4-8.) In addition, the Government claims it may be prejudiced by the requested continuance based on the passage of time, as "[t]his trial has been pending for eighteen months, and concerns events that happened in 2021." (*Id.* at 8.) In that timeframe, "at least two percipient witnesses have passed away." (*Id.*) The Government asserts that "[r]epeated continuances and rescheduling of the trial [will] wreak havoc on [the remaining] witnesses' schedules," including that of one Canadian witness who "cannot be compelled to appear for trial." (*Id.*)

Mr. Sherwood declined to file a reply brief. (*See* 6/6/24 Min. Order (Dkt. # 78) at 1-2 (setting deadline of June 11, 2024 at 5:00 PM); *see generally* Dkt.) The motion is now ripe for decision.

### III. ANALYSIS

"Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment or of his initial appearance before a judicial officer, whichever is later." *United States v. Clymer*, 25 F.3d 824, 877 (9th Cir. 1994). "However, the Act sets forth several types of so-called 'excludable delay,'" which "does

---

[1] The allegations are set forth in detail in the Government's response and supporting materials. (*See* Resp. at 4-5, *id.* at 4, Ex. 1; *id.* at 5 n.5, Ex. 2 (Dkt. # 77 (sealed)).)

ORDER - 5

not count toward the seventy day limit." *Id.* One such period of "excludable delay" is the "ends of justice" continuance, which Mr. Sherwood seeks here. (*See* Mot. at 4 (citing 18 U.S.C. § 3161(h)(7)(A) (authorizing a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial").) The court may grant an "ends of justice" continuance upon finding that the failure to do so would "result in a miscarriage of justice" or would deny defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

The decision to deny a trial continuance lies within the district court's sound discretion and will only be disturbed upon a showing that such denial was (1) "arbitrary or unreasonable," and (2) prejudicial to the defendant. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) (quoting *United States v. Torres-Rodriguez*, 930 F.2d 1372, 1383 (9th Cir. 1991)). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964). Rather, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* The Ninth Circuit analyzes the following factors in evaluating the district court's exercise of discretion to deny a continuance in a particular case: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) "the usefulness of the continuance," including "how likely it was that the purpose of the continuance would have been achieved had it been granted"; (3) "the extent to which granting the continuance would have inconvenienced

the court and the opposing party," including witnesses; and (4) whether the defendant was prejudiced by the denial. *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010); *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). The court addresses each factor in turn.

The first factor weighs strongly against a continuance because Mr. Sherwood and his counsel have not demonstrated diligence. Although the discovery in this case is indeed voluminous and Mr. Sherwood has faced access limitations due to his incarceration and a protective order, Mr. Sherwood has had ample time to review the discovery as the court has already granted three prior continuances on this same basis. Moreover, Mr. Sherwood's attorneys were appointed on the express condition that they be prepared for the current trial date. (2/14/24 Min. Entry.) By appearing in this matter, defense counsel represented to the court that they would be ready to try this case on July 19, 2024, notwithstanding the voluminous discovery and their scheduling commitments in other cases. *See, e.g.*, *United States v. Wagner*, No. 2:10-cr-00399-MMD-GWF, 2012 WL 4472034, at *3 (D. Nev. Sept. 25, 2012) (no diligence where existence of "voluminous discovery" was "known to [defendant]'s counsel for over four months" and defendant previously represented that he would be ready for trial by the trial date); *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (affirming denial of continuance based on "large volume" of new discovery produced less than two weeks before trial, where government gave three separate notices of the materials and a timely exhibit list). Moreover, the only new discovery since defense counsel's appointment comprises phone calls and emails made by Mr. Sherwood himself that the Government is obligated to

ORDER - 7

produce.  The court agrees with the Government that if this could provide a basis for a continuance, "no case would *ever* go to trial."  (Resp. at 8.)

In addition, the court notes that Mr. Sherwood is an experienced participant in the criminal justice system[2] who is presumably aware that extreme delay can have the ultimate effect of weakening the Government's case.  *See Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade.  If the witnesses support the prosecution, its case will be weakened, sometimes seriously so.").  Given the number of prior continuances, the length of delay thus far, the conditional nature of defense counsel's appointment, the absence of new or different grounds justifying a continuance at this juncture (aside from circumstances created by Mr. Sherwood himself), the fact that two percipient witnesses have become unavailable during the pendency of trial, and the existence of credible allegations of witness tampering by Mr. Sherwood, the court harbors serious concerns that the present motion to continue was not made in good faith and instead amounts to a delay tactic aimed at obstructing the orderly course of the administration of justice.  This, too, counsels against a continuance.  *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (finding no abuse of discretion where request for continuance was not made in good faith and trial had already been continued several times).

---

[2] (*See, e.g.*, Pretrial Rep. at 2 (tracing criminal history since 1975)); *United States v. Sherwood*, No. 4:04-cr-00191-DC (W.D. Tex.) (conviction for possession with intent to distribute); *Idaho v. Sherwood*, No. CR28-21-7357 (Idaho) (conviction for drug trafficking).

1       The second factor is, at most, neutral.  Although the requested continuance would
2 serve the stated purpose of providing defense counsel additional time to prepare Mr.
3 Sherwood's defense, the extent that a continuance would actually aid Mr. Sherwood's
4 defense is dubious.  As the Government notes, the vast majority of the existing discovery
5 material comprises "video surveillance footage from a camera in the Port Angeles area
6 that appears to show nothing of significance," and the Government "does not currently
7 plan to use any portion of it as an exhibit at trial."  (Resp. at 3.)  Even if this discovery
8 were useful to the defense, Mr. Sherwood has already long had access to it and "has been
9 actively reviewing the discovery and formulating a defense during that entire time
10 period."  (*Id.* at 7.)  In short, Mr. Sherwood "points to no . . . defense strategy [he] could
11 not pursue, if trial was to remain in [July] 2024 as opposed to [six] months later."  *United*
12 *States v. Fabro-Miske*, No. 19-cr-00099-DKW-KJM-12, 2023 WL 5020849, at *2-3 (D.
13 Haw. Aug. 7, 2023) (concluding this factor weighed against the defendant because her
14 request for a continuance "due to the complexity of the case, the need to review
15 discovery, and the limited time remaining before the start of trial" fell short of showing
16 "something more than the convenience of additional time").

17       The third factor weighs strongly against a continuance, as the requested
18 continuance would greatly inconvenience the court, the Government, and witnesses.  The
19 undersigned presides over hundreds of cases at a time and therefore schedules trials well
20 in advance.  The court's earliest availability for a ten-day trial is mid-July 2025—over a
21 year from now, and nearly *three years* after the indictment in this case.  *See, e.g.*, *United*
22 *States v. Pemkova*, 731 F. App'x 620, 623 (9th Cir. 2018) (unpublished) (affirming denial

of continuance of nine-day jury trial, noting that "our cases finding an abuse of discretion generally involve only short delays or the rescheduling of very brief proceedings"). Mr. Sherwood has already received three prior continuances and "the court's schedule cannot tolerate any more leniency in the absence of utmost necessity." *United States v. Kvashuk*, No. CR19-0143JLR, 2020 WL 569862, at *3 (W.D. Wash. Feb. 5, 2020) (the undersigned concluding this factor weighed against continuing a two-week trial in light of a "chock-full" trial calendar and two prior continuances). Further, the Government raises valid concerns about the impact of repeated continuances on witnesses and their schedules, especially given that two witnesses have already passed away during the pendency of this case and one percipient Canadian witness cannot be compelled to appear for trial.

Finally, the fourth factor weighs against a continuance. Although the court's inquiry is forward-looking without the benefit of a full trial record, Mr. Sherwood has not shown at this stage that he would be prejudiced absent a continuance. Again, defense counsel were appointed on the express condition that they would be ready for the current trial date. By July 19, 2024, they will have had over four months of total preparation time, and over one month still remains to prepare. In addition, "[w]hat might have been discovered had a continuance been granted is inadequate to establish prejudice." *United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979).

In sum, a careful balancing of relevant factors compels the denial of a continuance under the circumstances.

//

## IV. CONCLUSION

For the foregoing reasons, Mr. Sherwood's motion to continue the trial date is DENIED (Dkt. # 74). Barring extraordinary circumstances, trial in this matter will proceed as scheduled on July 19, 2024.

Dated this 12th day of June, 2024.

JAMES L. ROBART
United States District Judge