UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0127JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN MICHAEL SHERWOOD, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Trial in this matter is set for July 19, 2024. On June 24, 2024, Defendant John Michael Sherwood filed a motion to proceed *pro se*. (6/24/24 Mot. (Dkt. # 83); *see also* 6/25/24 Resp. (Dkt. # 85).) The court held a hearing on July 1, 2024, and denied the motion on the record, making clear that it found that the motion was filed for the purpose of delay. (7/1/24 Min. Entry (Dkt. # 90).) This order sets forth the court's reasoning for denying the motion.

ORDER - 1

## II.     BACKGROUND

The court previously set forth the procedural background of this case in detail in its June 12, 2024 order denying Mr. Sherwood's motion for a continuance.  (*See* 6/12/24 Order (Dkt. # 80) at 2-5.)  The court incorporates that case history here, and provides additional background as set forth below.

On June 19, 2024, one week after the court denied Mr. Sherwood's latest motion for a continuance, defense counsel filed a motion requesting withdrawal and substitution of counsel.  (6/19/24 Mot. (Dkt. # 81).)  At a hearing two days later, defense counsel stated Mr. Sherwood insisted on withdrawal based on a lack of trust in his attorneys.  (*See* 6/21/24 Min. Entry (Dkt. # 82).)  Mr. Sherwood represented that he would need a continuance if he received substitute counsel.  The court denied the motion from the bench, specifically finding it was filed for dilatory purposes.  (*See id.*)  Mr. Sherwood verbally moved to proceed *pro se*, and later filed the instant motion for self-representation through counsel.  (*See generally* 6/24/24 Mot.; *see also id.* at 5-7 (suggesting without explicitly requesting that the court appoint standby counsel).)  On July 1, 2024, the court again held a hearing and inquired whether Mr. Sherwood would seek a continuance if the court permitted him to proceed *pro se*.  He answered affirmatively.  As noted, the court denied the motion from the bench, stating a written order would follow.  (*See* 7/1/24 Min. Entry.)

## III.     ANALYSIS

"The Sixth Amendment grants a criminal defendant 'personally the right to make his defense.'" *United States v. Engel*, 968 F.3d 1046, 1050 (9th Cir. 2020) (quoting

*Faretta v. California*, 422 U.S. 806, 819 (1975)); *see also* U.S. Const. amend. VI.  "If a defendant's request to proceed pro se is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent, it must be granted." *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009).  Conversely, a defendant's request for self-representation—known as a *Faretta* request—"need not be granted if it is intended merely as a tactic for delay." *United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989).  The Ninth Circuit has "clarified that '[d]elay per se is not a sufficient ground for denying a defendant's constitutional right of self-representation' and that a defendant 'may not be deprived of that right absent an affirmative showing of *purpose* to secure delay.'" *Burton v. Davis*, 816 F.3d 1132, 1142 (9th Cir. 2016); *see also id.* at 1151 ("There is a very important distinction between wanting to delay trial for legitimate reasons and wanting to delay trial for the purpose of securing delay.").

      Whether a defendant's *Faretta* request is motivated by delay is a question of fact the court must decide based on a totality of circumstances. *Id.* at 1148, 1159.  "The factual findings of a district court in support of its denial of a defendant's motion to proceed pro se are reviewed by [the Court of Appeals] only for clear error." *United States v. George*, 56 F.3d 1078, 1084 (9th Cir. 1995); *see also United States v. Telles*, 18 F.4th 290, 302 (9th Cir. 2021) (noting the Ninth Circuit has not clarified whether it reviews the ultimate denial of a *Faretta* request de novo or for abuse of discretion).  "In determining whether a defendant's request to defend himself is a tactic to secure delay, the court may . . . consider the effect of delay." *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982).  "A showing that a continuance would be required and that the resulting delay

would prejudice the prosecution may be evidence of a defendant's dilatory intent." *Id.* ("Where [the defendant]'s pre-trial conduct had already caused substantial delay, a showing that his motion included a request for a continuance would be strong evidence of a purpose to delay."). In addition, the court may "consider events preceding a motion for self-representation to determine whether the request is made in good faith or merely for delay." *Flewitt*, 874 F.2d at 675. If the court finds the defendant's *Faretta* "request is part of a pattern of dilatory activity the court has the discretion to . . . require the defendant to proceed to trial on the scheduled date . . . with the counsel designated." *Id.*

Here, the court found that Mr. Sherwood made his *Faretta* request for dilatory purposes, and the motion was denied for this reason. The charges against Mr. Sherwood concern events that occurred in early 2021, and the case has been pending for nearly two years. (*See generally* Indictment (Dkt. # 1) (filed August 24, 2022).) As the court previously observed, further delay risks prejudicing the Government "given that two witnesses have already passed away during the pending of this case and one percipient Canadian witness cannot be compelled to appear for trial." (6/12/24 Order at 10; *see also id.* at 8 (citing *Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so.")).)

Moreover, Mr. Sherwood has persistently engaged in dilatory conduct. He has twice moved to continue the trial date. (*See* 7/9/23 Mot. (Dkt. # 40); 6/3/24 Mot. (Dkt.

# 74)). The court granted the first of these motions. (8/2/23 Order (Dkt. # 44)).[1] Mr. Sherwood has also filed *five* motions for withdrawal of counsel—two seeking substitute counsel (11/1/23 Mot. (Dkt. # 51); 6/19/24 Mot. (Dkt. # 81)), and three seeking to proceed *pro se* (1/30/24 Mot. (Dkt. # 65); 2/7/24 Mot. (Dkt. # 68 (stricken and sealed)); 6/24/24 Mot.). Of note, Mr. Sherwood's November 1, 2023 motion for substitute counsel concerned his former attorney Peter T. Geisness's unpreparedness for the trial date. It was Mr. Sherwood's idea to file that motion, and he withdrew it only when the court indicated a willingness to grant a continuance. (*See* 11/7/23 Min. Entry (Dkt. # 54); *see also* 11/29/23 Order (Dkt. # 58).) In fact, Mr. Sherwood stated he had no issue with Mr. Geisness's representation aside from scheduling issues, and had no objection to continuing the trial to 2025 or even 2026—up to *three years* from the date of the hearing. The court ultimately appointed Stephan R. Illa as co-counsel and granted an eight-month continuance. Thus, this case has been continued a total of three times, including two lengthy continuances. (12/27/22 Order (eight-month continuance); 8/2/24 Order (one-and-a-half-month continuance); 11/29/23 Order (eight-month continuance).) Taken as a whole, the record amply demonstrates a pattern of dilatory activity beginning at least as early as November 2023.[2]

---

[1] In December 2022, the Government filed a stipulated motion for a continuance. (12/23/22 Stip. Mot. (Dkt. # 28).) The court granted that motion. (*See* 12/27/22 Order (Dkt. # 30).)

[2] This pattern of gamesmanship extends perhaps long before November 2023. In 2004, Mr. Sherwood was convicted of federal offenses following a jury trial in the Western District of Texas. *See United States v. Sherwood*, No. 4:04-cr-00191-DC (W.D. Tex.). A review of that docket reveals numerous motions to continue, motions for withdrawal and substitution of counsel, and motions to proceed *pro se*. *See, e.g., id.* at Dkt. ## 10, 23, 46, 49, 136-37, 139, 152,

1       Even more damning is the series of events preceding the instant motion. On
2  February 14, 2024, the court permitted Mr. Geisness and Mr. Illa to withdraw based on
3  Mr. Sherwood's stated distrust in them, which allegedly caused a total breakdown in
4  communication and an irreconcilable conflict. (*See* 2/14/24 Min. Entry (Dkt. # 70).) The
5  court appointed Mr. Sherwood's CJA counsel of choice—Carlos M. Santiago, Jr.—
6  conditioned on new counsel's preparedness for a July 19, 2024 trial date. (*Id.*; *see also*
7  CJA Apts. (Dkt. ## 71-72) (appointing Mr. Santiago and Allyson L. Barker).)
8  Notwithstanding the conditional appointment, Mr. Sherwood filed a motion to continue
9  on June 3, 2024, seeking a six-month continuance and a new trial date in January 2025.
10 (6/3/24 Mot.; *see also* 12/23/22 Stip. Mot.; 7/9/23 Mot.)

    Among Mr. Sherwood's cited bases for a continuance was the familiar refrain that
11 he needed more time to personally review the voluminous discovery in this case. (*See*
12 6/3/24 Mot. at 2-3.) The court rejected this argument, concluding that "Mr. Sherwood
13 has had ample time to review the discovery as the court has already granted three prior
14 continuances on this same basis." (6/12/24 Order at 7.[3]) For this reason, among other
15 

---

17 155, 167. The Fifth Circuit affirmed the conviction, rejecting Mr. Sherwood's arguments (among others) that the district court erred in (1) granting his request to proceed *pro se*,
18 (2) denying his mid-trial request to have standby counsel conduct the balance of trial, and (3) denying a continuance of the sentencing hearing. *United States v. Sherwood*, 199 F. App'x 373, 376, 379 (5th Cir. 2006).
19    [3] The court reiterates that the discovery issue is a red herring—a distraction intended to
20 procure delay. Mr. Sherwood has long fixated on a supposed need to personally review every document and to leave no stone unturned. Closely examined, however, many of his discovery
21 demands are far afield and plainly not in alignment with the needs of the case. (*See, e.g.*, 2/7/24 Mot. at 10-11 (email from Mr. Sherwood to Mr. Geisness listing "missing" discovery items from
22 a public beach, including a supposed "love letter and dildo. Where is the love letter and dildo?").) Indeed, during the February 14, 2024 hearing, Mr. Illa stated he had attempted to

1 relevant factors, the court denied Mr. Sherwood's request for a six-month continuance. (*Id.* at 5-11; *see also id.* at 8 (noting the court's "serious concerns that the . . . motion to continue was not made in good faith and instead amount[ed] to a delay tactic aimed at obstructing the orderly course of the administration of justice").)

Just *one week* after the court denied Mr. Sherwood a continuance, Mr. Sherwood filed a motion for withdrawal and substitution of counsel. (6/19/24 Mot.) Mr. Sherwood *again* cited distrust in his attorneys—this time, attorneys whom Mr. Sherwood himself had located and proposed to the court. At a hearing, the court inquired into the nature of the conflict. It became clear the conflict stemmed from Mr. Sherwood's general unreasonableness and his disagreement with his attorneys' decision not to file a reply in support of his motion to continue, rather than any genuine irreconcilable conflict with his lawyers. In fact, Mr. Sherwood described Mr. Santiago and Ms. Barker as "extremely great" attorneys, and defense counsel represented that Mr. Sherwood was previously cooperative with them. Mr. Sherwood suddenly insisted defense counsel withdraw only after the court denied him a six-month continuance, and Ms. Barker confirmed the withdrawal motion was "very much" Mr. Sherwood's idea. When asked whether Mr.

---

explain to his client that the "magic beans" are not in the discovery. More recently, during the June 21, 2024 hearing, the court asked Ms. Barker whether she had ever told her client that defense counsel would not be ready for the trial date. She answered "no," indicating that the facts of the case did not actually require the additional time Mr. Sherwood sought. The record makes clear that Mr. Sherwood has received abundant time and opportunity to review the discovery and to prepare his defense. (*See, e.g.*, 6/25/24 Resp. at 9, Ex. 1 (Dkt. # 85-1) (Mr. Sherwood's prison emails stating he has received "thousands of pages of discovery" and "[b]een deeply involved in reviewing discovery in this case").) His unceasing demands to personally review the entire universe of discovery are merely a pillar in a calculated strategy to manipulate the proceedings and delay this trial.

ORDER - 7

Sherwood would be prepared for the current trial date if the court appointed new counsel, he answered in the negative. The court denied the motion from the bench, specifically finding that it was motivated by delay. (*See* 6/21/24 Min. Entry.) Mr. Sherwood was present in court and, upon hearing the court's ruling, *immediately* moved for self-representation in a verbal outburst. The court directed him to make his motion through counsel pursuant to this District's Local Criminal Rules, Local Rules W.D. Wash. LCrR 62.2(b)(5), and defense counsel filed the motion the following business day. (6/24/24 Mot.) During the hearing on July 1, 2024, Mr. Sherwood stated that he would seek a continuance in the event the court permitted him to represent himself.

      This sequence of events reveals that Mr. Sherwood's foremost goal is to delay trial. Mr. Sherwood has sought a continuance at nearly every turn—whether by written motion or through his verbal representations to the court—recycling the same excuses despite the court acquiescing to his requests on multiple occasions. He has frequently vacillated between invoking his right to counsel and his right to self-representation, all in an effort to obstruct final resolution of this matter. Mr. Sherwood has cycled through four CJA attorneys, claiming to have lost trust in each and every one—even the attorneys that he personally selected. His latest two motions to discharge counsel immediately followed the denial of yet another lengthy continuance, and both motions were accompanied by further requests to continue the trial date.

      For all of these reasons, the court finds Mr. Sherwood made his *Faretta* request solely for purposes of delay. *See Telles*, 18 F.4th at 302 ("[Defendant] substantially delayed trial by consistently requesting to substitute his counsel and refusing to work

with appointed counsel, and [defendant]'s request to represent himself was accompanied by a request for a continuance.  We need no further proof that [defendant]'s *Faretta* request was made for the purpose of the delay."); *George*, 56 F.3d at 1084 (affirming denial of *Faretta* request where defendant's pre-trial conduct "had caused substantial delay," defendant "sought a continuance in conjunction with his motion to proceed pro se," and "the court had previously denied motions for additional continuances"); *United States v. Turner*, 897 F.3d 1084, 1104 (9th Cir. 2018) (affirming finding of dilatory intent where defendant "manipulated the proceedings by vacillating between asserting his right to self representation and his right to counsel" (internal quotation marks omitted)); *United States v. Mason*, 17 F. App'x 587, 590 (9th Cir. 2001) (affirming finding of dilatory intent where the district court had granted several prior continuances and the *Faretta* request "appear[ed] to be 'an impulsive response to the trial court's denial of his [latest] request' for a continuance" (quoting *Jackson v. Ylst*, 912 F.2d 882, 888-89 (9th Cir. 1990))).  The court therefore denies Mr. Sherwood's *Faretta* request.  *Flewitt*, 874 F.2d at 674.

//

//

//

//

//

//

//

ORDER - 9

## IV.   CONCLUSION

As stated on the record, and for the foregoing reasons, the court DENIES Mr. Sherwood's motion to proceed *pro se* (Dkt. # 83).  Mr. Sherwood will proceed to trial through current counsel on July 19, 2024.

Dated this 10th day of July, 2024.

_____
JAMES L. ROBART
United States District Judge