HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN SHERWOOD,

Defendant.

Case No.  CR22-127 RAJ

ORDER ON DEFENSE
DISPUTED *MOTIONS
IN LIMINE*

## I.    INTRODUCTION

THIS MATTER is before the Court on Defendant's Motions *In Limine.* Dkt. # 204.  Having considered the motions, the Government's response, Dkt. # 216, and the files and pleadings herein, the Court makes the following determinations.

## II.    DISCUSSION

**A.    Carol Stuart's testimony regarding Pablo Escobar's Nephew.**

During the prior trial, the record suggests Carol Stuart had extensive contact with the Defendant.  Dkt. # 198, at p. 216-251.  On one occasion Ms. Stuart had dinner with the Defendant, during which he mentioned: "That he needed help unloading the

ORDER - 1

van, and that he knew Pablo Escobar's nephew, and that, yeah, he was making runs and needed to unload the van."

There is no dispute between the parties that this conversation took place and was testified to during the prior trial. The defense objects to the admissibility of this statement contending it is irrelevant under Fed. Rule of Evidence 401 and unfairly prejudicial under Rule 403. Specifically, he asserts that allowance of this testimony would invite the jury to decide the case based on an unsubstantiated claim regarding an internationally notorious drug trafficker. Dkt. # 204, at 2.

The Government challenges the Defendant's relevance assertion and argues this testimony is relevant to prove Sherwood knowingly entered into a conspiracy to smuggle drugs into Canada. More specifically, the Government contends Sherwood's own statements about working with "Colombians/Mexicans" or the relative of an infamous drug trafficker, are directly relevant and material to his state of mind as he tried to enlist Ms. Stuart as a "lookout." Dkt. # 216, at 6.

The Government's response tacitly acknowledges the statement is prejudicial but is nonetheless admissible because the probative value of the statement is substantially outweighed by the danger of any *unfair* prejudice. Dkt. # 216, at 6.

The Court agrees with the Government. The Defendant's statements about working with "Colombians/Mexicans" or the relative of a famous drug trafficker, are directly relevant and material to Sherwood's state of mind. Under these circumstances, the probative value of the statement is not "substantially outweighed" by the danger of unfair prejudice.

For these reasons, the Defendant's motion is **DENIED**.

///

///

///

ORDER - 2

**B.    Amanda Smith's testimony regarding her "vibe" about the Defendant.**

The Defendant seeks to exclude the prior trial testimony of Amanda Smith regarding her recollection and "vibe" about the Defendant.  The Defendant contends this testimony is unfairly prejudicial and offers an unpermitted lay opinion constituting improper character or propensity evidence.  Dkt. # 204, at 3.

The Government tenders the purpose of the statement is to demonstrate why Ms. Smith would remember the Defendant years later, among other guests at the hotel. Further, the statement is based upon her own perception of how she perceived the Defendant was acting and explains why she recalled Sherwood.

There is nothing improper about the anticipated testimony and it comports with Fed. Rule of Evidence 701 lay opinion requirements as it appears to be based upon the witness's perception and helpful to clearly understand the witness's testimony.

Moreover, the testimony is not "bad character or propensity" evidence under Fed. Rule of Evidence 404(a) or (b) as she is not testifying as to Sherwood's character. She is merely explaining what she observed and why she remembers him.  Nothing about this anticipated testimony misconstrues the rules as suggested by the Defendant.

## III.    CONCLUSION

For the foregoing reasons, the Count **DENIES** the Defendant's motions.

DATED this 17th day of March, 2026.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 3