HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00127-RAJ |
| Plaintiff, | ORDER |
| v. | |
| JOHN MICHAEL SHERWOOD, | |
| Defendant. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant John Sherwood's Motion to Admit Statements Pursuant to FRE 106, Dkt. # 226, and an evidentiary issue raised in Mr. Sherwood's trial brief, Dkt. # 228.   Having considered the motion, trial brief, the Government's responses thereto, and the files and pleadings here, the Court makes the following determinations.

## II.   DISCUSSION

### A.    Evidence Regarding Brown Suitcase

Mr. Sherwood seeks to exclude evidence regarding a recovered brown suitcase containing vacuum sealed bags of suspected methamphetamine.  Dkt. # 228 at 6–7.  The

ORDER – 1

suitcase was discovered on April 13, 2021 on the shoreline of the Yellowstone River, downriver from the location on I-90 where Mr. Sherwood was involved in a single car accident. *Id.* Mr. Sherwood argues there is no evidence connecting him to this suitcase and therefore evidence regarding the suitcase is irrelevant and unfairly prejudicial. *Id.* In response, the Government argues there is video surveillance of Mr. Sherwood at a Port Angeles storage facility loading what appears to be a brown suitcase into the back of a pickup truck, that he drove away and was involved in a single car accident, and that the brown suitcase was discovered downriver from the accident site not long after it happened. Dkt. # 229 at 4. The Government argues this evidence is relevant because it tends to support its theory that Mr. Sherwood possessed a large amount of methamphetamine that he stored at the Port Angeles storage facility. *Id.*

The Court agrees with the Government. Based on the storage locker surveillance video and the circumstances of the discovery of the brown suitcase, the Court finds evidence regarding the brown suitcase is relevant this case and not unfairly prejudicial. Accordingly, Mr. Sherwood's request to exclude the evidence is denied.

**B.    Motion to Admit Portions of First Trial Transcript**

Next, the Government designated seven pages of testimony from Mr. Sherwood's prior trial for use in this case. Dkt. # 226-1. Mr. Sherwood seeks to introduce approximately 100 additional pages of testimony under Federal Rule of Evidence 106. Dkt. # 226-2. He argues the additional portions of testimony "are necessary to provide both context and a fair explanation of the portions of testimony sought to be introduced by the government." Dkt. # 226 at 1. The Government argues that "[m]uch of the defense proposed excerpts contain irrelevant and/or manifestly false information that is unnecessary as a matter of 'fairness' to provide context to the government's designated sections." Dkt. # 227 at 1.

ORDER – 2

Under Federal Rule of Evidence 106:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

"The purpose of the rule is to correct, contemporaneously, the 'misleading impression created by taking matters out of context.'" *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (quoting Fed. R. Evid. 106 advisory committee note (1972 Proposed Rules)). The rule "does not *require* the admission of self-serving exculpatory statements in all circumstances . . . ." *Id.* at 61 (emphasis added). Ultimately, the decision to admit evidence under Rule 106 is within the district court's discretion. *Id.* at 59.

The Court has reviewed the additional testimony designated by Mr. Sherwood and finds that most of the proposed testimony far exceeds the scope of what Rule 106 permits. Mr. Sherwood's motion repeatedly states the Government's designations "open the door" to additional testimony from Mr. Sherwood, but opening the door does not permit a moving van of evidence.

After reviewing the proposed testimony, the Court, in its discretion, will permit Mr. Sherwood to introduce the following additional portions of trial testimony:

Page 30:18–33:4

Page 44:8–10 (ending with "No, they weren't.")

Page 44:15–25

Page 45:3–5 (ending with "West Texas Detention")

Page 45:12–19

Page 46:2–7 (ending with "I did not.")

The Court denies the remainder of Mr. Sherwood's motion because the remaining proposed portions of testimony are irrelevant, self-serving, or both.

The parties are reminded to avoid any references to a "prior trial" in the presence of the jury, and to instead refer to the first trial as a prior hearing or proceeding.

ORDER – 3

### III.  CONCLUSION

For the forgoing reasons, the Court **DENIES** the evidentiary request raised in Defendant's trial brief, Dkt. # 228.  The Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Admit Statements Pursuant to FRE 106, Dkt. # 226.

DATED this 2nd day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4